**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TRAVIS MENDEZ, | : | Civil Action No.:10-5420 (JAP) |
| Plaintiff, | : |  |
| v. | : | **O P I N I O N** |
| COUNTY OF MIDDLESEX, et al., | : |  |
| Defendants. | : |  |

**APPEARANCES:**

Travis Mendez, Pro Se
384716
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

**PISANO**, District Judge

    Plaintiff, Travis Mendez, is currently confined as an immigration detainee at the Essex County Correctional Facility, Newark, New Jersey. Plaintiff seeks to bring this action in forma pauperis, pursuant to 28 U.S.C. § 1915, for violations of his constitutional rights under 42 U.S.C. § 1983.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

**BACKGROUND**

Plaintiff seeks to challenge his guilty plea, which resulted in a criminal conviction and removal proceedings against him. He states that he was never informed of the immigration consequences when he pled guilty. He is now subject to deportation. Plaintiff recently filed a post-conviction relief motion in state court to challenge his plea, which was denied in August of 2010. Plaintiff does not indicate whether or not he appealed the denial.

Plaintiff does not ask for monetary relief. He asks for a stay of his deportation order, and for this Court to order that his guilty plea be vacated.

**DISCUSSION**

**A.   Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) because plaintiff is proceeding as an indigent.

2

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'"

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color

4

of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Will Be Dismissed.**

Plaintiff's sole request for relief in this case is release from confinement, and the vacation of his guilty plea.  In Preiser v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.  Plaintiff cannot seek release, or the overturning of his guilty plea, in a complaint filed pursuant to § 1983.

Plaintiff's recourse would be by way of habeas petition, either under 28 U.S.C. § 2254 (to challenge the guilty plea) after exhaustion of state court remedies, or by 28 U.S.C. § 2241 (to challenge his confinement as an immigration detainee).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed.  An appropriate order follows.

/s/Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: November 29, 2010

5